# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | No. 3:18-CR-428-N |
| | § | |
| PIZARRO THOMAS | § | |

## MEMORANDUM OPINION AND ORDER

By order of reference dated April 1, 2020 (doc. 56), before the Court *is Defendant Thomas's Emergency Motion to Be Placed on Pre-Sentencing Home Confinement*, filed March 26, 2020 (doc. 51). Based on the relevant filings, evidence, and applicable law, the motion is **DENIED**.

### I. BACKGROUND

Pizarro Thomas (Defendant) was charged by indictment dated August 29, 2018, with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (*See* doc. 1.) He was arrested and made his initial appearance in this district on February 5, 2019, and was temporarily detained pending a detention hearing. (*See* docs. 6, 7, 10.) A detention hearing was conducted on February 6, 2019. (*See* doc. 11.)

At the hearing, the evidence reflected that Defendant had been charged with the same offense by the state in August 2018. His bond company told the pretrial services officer that because Defendant had a financial balance on the bond, he was required to report in person weekly and make a payment, but he had never reported to them or made a payment. Agents were unable to locate Defendant for arrest, and his case was ultimately passed on to the United States Marshal in November 2018. Defendant reported living at a hotel at the time of arrest, which occurred as a result of a traffic stop. His criminal history reflects multiple probation violations and/or revocations. Defendant was ordered detained based on a finding of flight risk, although the Court also noted that his repeated

criminal activity by being arrested a second time for the same offense two years after his initial arrest for that offense was clear and convincing evidence of danger to the community. (*See* docs. 14, 25 at 30.) At the hearing, Defendant's mother testified that she would be willing to have him live in her home in Frisco, Texas, if he was released, and that he had moved out of her home on prior occasions because he did not like her rules.

On March 9, 2020, Defendant was charged by superseding information with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), he waived his right to indictment by a grand jury, and he proceeded to a bench trial on the charge. (*See* docs. 44, 45, 46.) The Court found that the government had proven at trial beyond a reasonable doubt that Defendant was guilty of the charge in the superseding information and entered a sentencing scheduling order on March 25, 2020. (*See* doc. 49 at 2; doc. 50.) His sentencing hearing is currently scheduled for July 6, 2020. (See doc. 50.)

Defendant now seeks to be placed on pre-sentencing home confinement with an ankle monitor at his parents' home in Frisco, Texas, which is in the Eastern District of Texas. (*See* doc. 51.) He contends that he is at extreme risk of contracting COVID-19 in the Dallas County facility where he is currently being held because there are several confirmed cases there, and he cites a news article reporting that cases of COVID-19 in that facility have been confirmed. (*Id.* at 3 n. 2.) He also provides his mother's affidavit to show that he was diagnosed with asthma when he was three, has been hospitalized or treated on several occasions for asthma attacks, and has been prescribed an inhaler while incarcerated. (*See* doc. 55-1 at 1-2.)[1] Citing the website for the Center for Disease Control (CDC), Defendant claims that his asthma places him at a higher risk of getting very sick from

---

[1] The pretrial services report indicated that Defendant disclosed "minor medical problems related to his Asthma."

COVID-19. (*See* doc. 51 at 3 n. 1.)

## II. ANALYSIS

Defendant's motion did not assert a legal basis for his request for release pending sentencing. (*See* doc. 51.) After the Government contended that the request was governed by the provisions of 18 U.S.C. § 3143, Defendant invoked 18 U.S.C. § 3142(i) in his reply. (*See* docs. 52 at 2-3; 53 at 3, 10.)

**A.      18 U.S.C. § 3142(i)**

Section 3142(i) states that after a defendant has been detained,

> the judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of the United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i).

The United States Court of Appeals for the Fifth Circuit has not addressed the issue of whether § 3142(i) applies to a defendant who is detained while awaiting sentencing, and only a few courts appear to have considered the issue. In *United States v. Hartsell*, __F. Supp.3d __, 2020 WL 1482175 (N.D. Ind. 2020), a defendant who had pleaded guilty and was pending sentencing sought emergency temporary release under § 3142(i), and the motion was denied. On appeal of that denial, the district court specifically questioned whether § 3142(i) was intended to apply in the post-plea context, but noted that § 3142(i) was the sole basis for the motion, and that the government had conceded its applicability. *Id.* at *1-2. It therefore proceeded to analyze the detention issue under that provision, "albeit with sound reservation," but identified five different bases for its reservation: (1) § 3143 applies to defendants "pending sentencing, and that statute has "no corresponding cousin to 18 U.S.C. § 3142(i) that would authorize temporary release for a compelling reason;" (2) "the language

authorizing temporary release in 18 U.S.C. § 3142(i) is appended to the statutory requirements for a detention order under § 3142(e)–so through construction, ostensibly evinces a congressional intent to consider and permit that temporary release before a guilty plea, but not after;" (3) "there is intended interplay between § 3142 and § 3143, but not § 3142(i);" (4) "the statutory dichotomy between § 3142 and § 3143 has real meaning" based on the presumption of release prior to trial but in favor of detention after a guilty plea; and (5) "no party cites a case in which § 3142(i) has been used for temporary release of a defendant who has pleaded guilty," and it found none. *Id.* Two other courts have likewise questioned the applicability of § 3142(i) in the post-plea context. *See United States v. Clancy*, __F.Supp.3d__, 2020 WL 1599340, at * 2 (W.D. Pa. 2020) (finding that § 3142(i) applied to defendants pending trial, not pending sentencing, and addressing the defendant's post-plea § 3142(i) motion under § 3143); *United States v. Bolze*, No. 3:09-CR-93, 2010 WL 199978, at * 2 (E.D. Tenn. Jan. 13, 2010) (also questioning the applicability of § 3142(i) to a defendant detained post plea and pending sentencing).

Defendant's reply cites *United States v. Kennedy*, No. 18-20315, 2020 WL 1493481 (E.D. Mich. Mar. 27, 2020), in which the court noted that "the language of § 3142(i)(4) appears under the heading 'Release or detention of a defendant pending trial,'" but stated that the provision applied to the defendant despite the fact that he had pled guilty and was awaiting sentencing instead of trial because it specifically permitted temporary release by subsequent order. *Id.* at *3, citing *United States v. Thornton*, 787 F.2d 594, 594 (6th Cir. 1986) (Table decision) (suggesting that a district court could temporarily release a pretrial detainee pursuant to § 3142(i)(4) by subsequent order even after a prior order holding that the detainee was a flight risk or a risk to public safety under § 3142(g)), and *United States v. Dante Stephens*, No. 15-cr-0095, 2020 WL 1295155, *2 (S.D.N.Y. Mar. 19, 2020) (noting

4

that the government did not challenge the application of § 3142(i) to a defendant awaiting a supervised release violation hearing and concluding that it applied). The court did not elaborate further on its rationale. *See id.*; *see also United States v. Kennedy*, No. 18-20315, 2020 WL 1493481, at *2 (E.D. Mich. Apr. 1, 2020) (reaffirming its prior finding that "18 U.S.C. § 3142(i)(4) is a separate statutory ground, with separate statutory considerations, distinct from the United States' suggested approach through 18 U.S.C. §§ 3143(a)(1) and (g)").

As noted in *Hartsell* and *Clancy*, § 3142 relates to release or detention pending trial, while § 3143 relates to release or detention of a defendant pending sentence or appeal. Rule 46(a) of Federal Rules of Criminal Procedure expressly states that § 3142 governs pretrial release, while paragraph (c) of that rule states that § 3143 governs release pending sentencing or appeal. The detailed and reasoned discussion in *Hartsell* regarding why § 3142(i) is inapplicable is persuasive. Although Defendant argues that it is clear from the text of § 3143 that the § 3142 pretrial release factors apply pre-sentencing, (*see* doc. 53 at 3 n.3), § 3143 only refers to paragraphs (b), (c), and (f)(1); it does not refer to paragraph (i). The Court respectfully disagrees with *Kennedy*, especially in light of its reliance on cases that did not involve defendants who were awaiting sentencing, and finds that § 3142(i) does not apply in the post-plea context. Because Defendant has been found guilty of the offense charged in the superseding information, and he has not shown that the applicable guideline does not recommend a term of imprisonment in this case, his post-conviction pre-sentencing motion properly arises under § 3143(a), and it will be analyzed under that provision.[2]

**B.** <u>**18 U.S.C. § 3143**</u>

Section 3143(a)(1) states:

---

[2]Because Defendant first invoked § 3142(i) in its reply, the Government did not have the opportunity to address its applicability, so there is no concession in this case like the one in *Hartsell*.

5

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a)(1). There is a presumption in favor of detention that attaches to a convicted defendant. *See United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) (citing § 3143). Rule 46(c) places the burden of establishing by clear and convincing evidence that he is not a flight risk or a danger community on the defendant seeking release. Fed. R. Civ. P. 46(c).

Defendant seeks release pending sentencing because he is an asthmatic currently being held in the Dallas County jail, which has several confirmed cases of COVID-19 in its population, and his condition makes him at "high risk" of "getting very sick." He proffers "two responsible persons," his parents, who are willing to assume responsibility for him and ensure that he remains in their home in Frisco, Texas, pending sentencing. He claims that he is not a danger to the community because at the time of arrest, he was a drug addict with a history of convictions for drug possession, but no convictions involving violence or distribution of controlled substances. He also contends that conditions of release, including home detention with an ankle monitor, can be set to assure his appearance in court and the safety of the community.

COVID-19, as coronavirus disease 2019 is known, is an infectious disease caused by a new virus, which causes respiratory illness and has resulted in thousands of deaths around the world, with almost 7,000 in the United States alone. CDC, COVID-19: U.S. at a Glance (Apr. 3, 2020), https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last visited Apr. 3, 2020). The CDC has acknowledged the particular challenges faced by correctional and detention facilities

in controlling the transmission of COVID-19 and has provided some guidance, as several courts have recognized. *See United States v. Nkanga*, 18-CR-713 (JMF), 2020 WL 1529535, at *1 (S.D.N.Y. Mar. 31, 2020), citing Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities, Ctr. for Disease Control, at 2 (Mar. 23, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf.; *United States v. French, et al.,* No. 1:12-cr-00160-JAW, 2020 WL 1539926, at *7 (D. Me. Mar. 31, 2020); *Kennedy*, 2020 WL 1493481 at *2. According to the CDC, persons with underlying medical conditions such as asthma are at a higher risk of developing serious COVID-19 illness. *Basank v. Decker*, __F.Supp.3d__, 2020 WL 1481503, at *3 (S.D.N.Y. Mar. 26, 2020), citing *People at Risk for Serious Illness from COVID-19*, Centers for Disease Control (Mar. 20, 2020), https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/high-risk-complications.html ("Older people and people of all ages with severe underlying health conditions—like heart disease, lung disease and diabetes, for example—seem to be at higher risk of developing serious COVID-19 illness."); *Information for Healthcare Professionals: COVID-19 and Underlying Conditions*, Centers for Disease Control (Mar. 22, 2020), https://www.cdc.gov/coronavirus/2019-ncov/hcp/underlying-conditions.html (listing, among other medical diagnoses, "moderate to severe asthma," "heart disease," "obesity," and "diabetes" as conditions that trigger higher risk of severe illness from COVID-19).

Defendant's health, including the higher risk to him as a result of his asthma, and the public health emergency caused by COVID-19 are extremely important considerations, and they are not taken lightly. He has not shown that he has been exposed to COVID-19 at the Dallas County jail, however, or that the facility is unable to or failing to take measures to protect inmates from the spread of

COVID-19. The United States Marshal's Office for the Northern District of Texas has advised that all of the facilities in which it houses federal detainees are implementing practices to protect detainees in accordance with CDC guidelines. The fact that Defendant has asthma and is at a higher risk alone is insufficient to meet his burden to overcome the presumption of detention in this case. *See United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *4 (D. Md. Mar. 17, 2020)(finding that the defendant's underlying medical conditions, which placed him at a higher risk for COVID-19, were alone insufficient to overcome proffer regarding prison staff's practices to protect detainees, and that the defendant had failed to overcome the presumption of detention); *see also United States v. Jackson*, No. 18-216, 2020WL 1445958, at *2 (W.D. Pa. Mar. 24, 2020)(recognizing that the potential for exposure to COVID-19 exists anywhere in the community).

Beyond his health and greater risk, Defendant proffers essentially the same evidence that he proffered at his detention hearing, and the possibility that he could stay with his parents was considered. Despite that evidence, the Court found that the preponderance of the evidence showed that Defendant was a flight risk based on his failure to report to his bond company on the same charge at the state level, his residence at a hotel, and law enforcement's initial inability to locate him. Second, also weighing against release was Defendant's mother's testimony that he had moved out of her residence before because he did not like her rules, as well as the litany of probation violations and revocations reflected in the pretrial services report, which show that Defendant has not previously been successful on conditions of release. *See United States v. Rollins*, No. 19-CR-34S, 11-CR-251S, 2020 WL 1482323, at *2 (W.D.N.Y. Mar. 27, 2020) (noting poor history of performance under supervision in considering detention under § 3143(a)(2)). The Court noted continuing criminal activity in that he was arrested on the same type of gun charge for which he had been sentenced just

two years prior, and of which he has now been convicted. Defendant's promise to stay at his mother's house for fear of contracting COVID-19 does not rise to the level of clear and convincing evidence, especially in light of his past history. It also does not allay concerns for the safety of pretrial services officers who will have to install equipment in order to supervise him, and the United States Deputy Marshals who will have to go out and find and arrest him if he does not comply with any conditions of release, in the midst of the current pandemic. Defendant has not met his burden to show by clear and convincing evidence that he is not a flight risk or danger to the community.

### III.  CONCLUSION

Defendant's motion for pre-sentencing release is **DENIED**.

**Signed this 3rd day of April, 2020.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE